IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TASHINA MARIANO,

       Plaintiff,

  vs.                                                                      Civil No. 1:18-cv-00431 KK-LF

UNITED STATES OF GOVERNMENT;
PAUL CHAVEZ, in his individual and official
Capacity; TREVOR HUNT, in his individual
and official capacity; and JOHN DOES 1-20,
in their individual and official capacities,

       Defendants.

**UNITED STATES' ANSWER TO AMENDED COMPLAINT (DOCUMENT 4)**

      Defendant United States of America hereby submits the following Answer, answering

Plaintiff's Complaint as follows:

      Defendant denies any and all allegations in Plaintiff's Complaint that are not specifically

admitted.

**NATURE OF THE ACTION**

      The allegations in the introductory paragraphs of the Complaint contain a characterization

of this suit and conclusions of law, to which no response is deemed necessary.  To the extent a

response is deemed necessary, Defendant denies the same.

**PARTIES**

      1.      Defendant is without sufficient information to form a belief as to the truth of the

allegations contained in paragraph 1 of the Complaint, and therefore denies the same.

2.      Defendant denies that Trevor Hunt is currently an officer with Laguna Detention Facility.  Defendant is without sufficient information to form a belief as to the truth of the remaining allegations contained within the first sentence of paragraph 2 of the Complaint and therefore denies the same.  The remaining allegations contained in paragraph 2 of the Complaint contain statements of either law or jurisdiction to which no response is deemed necessary.  To the extent a response is deemed necessary, Defendant denies the same.

3.      Defendant is without sufficient information to form a belief as to the truth of the allegations contained within the first two sentences of paragraph 3 of the Complaint and therefore denies the same.  Defendant denies the third sentence of paragraph 3; Defendant admits that Paul Chavez became the Detention Warden at the Laguna Detention Facility on July 27, 2015.  The remaining allegations contained in paragraph 3 of the Complaint contain statements of either law or jurisdiction to which no response is deemed necessary. To the extent a response is deemed necessary, Defendant denies the same.

4.      Defendant is without sufficient information to form a belief as to the truth of the allegations contained within the first two sentences of paragraph 4 of the Complaint and therefore denies the same.  The remaining allegations contained in paragraph 4 of the Complaint contain either statements of Plaintiff's intent or statements of law to which no response is deemed necessary.  To the extent a response is deemed necessary, Defendant denies the same.

5.      The allegations contained in paragraph 5 of the Complaint contain statements of either law or jurisdiction to which no response is deemed necessary.  To the extent a response is deemed necessary, Defendant denies the same.

6.      The allegations contained in paragraph 6 of the Complaint contain statements of either law or jurisdiction to which no response is deemed necessary.  To the extent a response is

deemed necessary, Defendant denies the same.

## JURISDICTION AND VENUE

7.    The allegations contained in paragraph 7 of the Complaint contain statements of either law or jurisdiction to which no response is deemed necessary.  To the extent a response is deemed necessary, Defendant denies the same.

8.    Defendant denies the allegations contained in paragraph 8 of the Complaint.

9.    Defendant denies the allegations contained in paragraph 9 of the Complaint.

10.    The allegations contained in paragraph 10 of the Complaint contain statements of either law or jurisdiction to which no response is deemed necessary.  To the extent a response is deemed necessary, Defendant admits that the Agency's determination letter denying Plaintiff's claim is dated November 16, 2017 and that the Complaint was filed on May 8, 2018.  Defendant denies all remaining allegations contained in paragraph 10 of the Complaint.

11.    The allegations contained in paragraph 11 of the Complaint contain statements of either law or jurisdiction to which no response is deemed necessary.  To the extent a response is deemed necessary, Defendant denies the same.

12.    The allegations contained in paragraph 12 of the Complaint contain statements of either law or jurisdiction to which no response is deemed necessary.  To the extent a response is deemed necessary, Defendant asserts that it is without sufficient information to form a belief as to the truth of the allegations contained within paragraph 12 of the Complaint and therefore denies the same.

## STATEMENT OF FACTS

13.    Paragraph 13 is an incorporation of the preceding numbered paragraphs of the Complaint. As its answer to paragraph 13 of the Complaint, Defendant restates and incorporates

by reference its answers as set forth in the preceding paragraphs.

14.     Defendant denies the allegations contained in paragraph 14 of the Complaint.

15.     The allegations contained in paragraph 15 of the Complaint contain statements of either law or jurisdiction to which no response is deemed necessary.  To the extent a response is deemed necessary, Defendant asserts that it is without sufficient information to form a belief as to the truth of the allegations contained within paragraph 15 of the Complaint and therefore denies the same.

16.     Defendant denies the allegations contained in paragraph 16 of the Complaint.

17.     In response to the allegations contained in paragraph 17 of the Complaint, Defendant admits that the Laguna Pueblo and the United States had entered into a 638 Contract pursuant to the Indian Self Determination and Education Assistance Act, 25 U.S.C. § 5321, and that such contract was in effect between May 11 and May 23, 2015.  Defendant is without sufficient information to form a belief as to the truth of the remaining allegations contained within paragraph 17 of the Complaint and therefore denies the same.

18.     Defendant denies the allegations contained in paragraph 18 of the Complaint.

19.     Defendant asserts that it is without sufficient information to form a belief as to the truth of the allegations contained within paragraph 19 of the Complaint and therefore denies the same.

20.      Defendant denies the allegations contained in paragraph 20 of the Complaint.

21.     Defendant asserts that it is without sufficient information to form a belief as to the truth of the allegations contained within paragraph 21 of the Complaint and therefore denies the same.

22.     In response to the allegations contained in paragraph 22 of the Complaint, Defendant admits that the Laguna Pueblo and the United States had entered into a 638 Contract pursuant to the Indian Self Determination and Education Assistance Act, 25 U.S.C. § 5321, and that such contract was in effect between May 11 and May 23, 2015.  Defendant asserts that the 638 Contract speaks for itself.  Defendant denies all remaining allegations contained in paragraph 22 of the Complaint.

23.     Defendant asserts that 25 C.F.R. § 10.2 speaks for itself.  Defendant denies all remaining allegations contained in paragraph 23 of the Complaint.

24.     Defendant asserts that chapter 69 BIAM speaks for itself.  Defendant denies all remaining allegations contained in paragraph 24 of the Complaint.

25.     Defendant asserts that 25 C.F.R. § 10.4 speaks for itself.  Defendant denies all remaining allegations contained in paragraph 25 of the Complaint.

26.     Defendant asserts that the 638 Contract speaks for itself.  Defendant denies that BIA must give authorization before correctional officers can begin duties at the Laguna Detention Facility.  Defendant denies all remaining allegations contained in paragraph 26 of the Complaint.

27.     Defendant denies the allegations contained in paragraph 27 of the Complaint.

28.     Defendant denies the allegations contained in paragraph 28 of the Complaint.

29.     Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint, and therefore denies the same.

30.     Defendant asserts that the 2015 BIA-OJS review speaks for itself.  Defendant denies all remaining allegations contained in paragraph 30 of the Complaint.

31.     Defendant asserts that the 2015 BIA-OJS review speaks for itself.  Defendant denies all remaining allegations contained in paragraph 31 of the Complaint.

32.     Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint, and therefore denies the same.

33.     Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and therefore denies the same.

34.     Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and therefore denies the same.

35.     Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint, and therefore denies the same.

36.     Defendant asserts that the 638 Contract speaks for itself.  Defendant denies all remaining allegations contained in paragraph 36 of the Complaint

37.     Defendant asserts that the 2012 BIA OJS Corrections Handbook replaced and superseded all prior BIA-OJS publications affecting detention services.  Defendant further asserts that the 2012 Handbook speaks for itself.  Defendant denies all remaining allegations contained in paragraph 37 of the Complaint.

38.     Defendant asserts that the 2012 BIA OJS Corrections Handbook replaced and superseded all prior BIA-OJS publications affecting detention services.  Defendant further asserts that the 2012 Handbook speaks for itself.  Defendant denies all remaining allegations contained in paragraph 38 of the Complaint.

39.     Defendant asserts that the 2012 BIA OJS Corrections Handbook replaced and superseded all prior BIA-OJS publications affecting detention services.  Defendant further

asserts that the 2012 Handbook speaks for itself.  Defendant denies all remaining allegations contained in paragraph 39 of the Complaint.

40.     Defendant asserts that the 2012 BIA OJS Corrections Handbook replaced and superseded all prior BIA-OJS publications affecting detention services.  Defendant further asserts that the 2012 Handbook speaks for itself.  Defendant denies all remaining allegations contained in paragraph 40 of the Complaint.

41.     Defendant asserts that the 2012 BIA OJS Corrections Handbook replaced and superseded all prior BIA-OJS publications affecting detention services.  Defendant further asserts that the 2012 Handbook speaks for itself.  Defendant denies all remaining allegations contained in paragraph 41 of the Complaint.

42.     Defendant denies the allegations contained in paragraph 42 of the Complaint.

43.     In response to the allegations contained in paragraph 43 of the Complaint, Defendant admits that the Laguna Pueblo and the United States had entered into a 638 Contract pursuant to the Indian Self Determination and Education Assistance Act, 25 U.S.C. § 5321, for law enforcement services at the time of the events alleged in the Complaint.  Defendant further admits that the Annual Funding Agreement for the law enforcement services 638 Contract includes the following provision:

> "The Contractor and its law enforcement personnel are not authorized to enforce federal statutes, unless the law enforcement personnel have received a Special Law Enforcement Commission from the Bureau of Indian Affairs, Office of Justice Services.  In the event that the Contractor's law enforcement personnel do not have such commissions, enforcement of federal criminal statutes shall remain solely the responsibility of the appropriate federal law enforcement agency."

Defendant denies any allegations in paragraph 43 of the Complaint to the extent that they assert or imply that Laguna Detention employees Hunt, Chavez, or John Does 1-20 had received a Special Law Enforcement Commission or that they were eligible for a Special Law Enforcement

7

Commission.  Defendant further denies any allegations in paragraph 43 of the Complaint to the extent that they assert or imply that Laguna Detention employees Hunt, Chavez, or John Does 1-20 were performing any functions of the Laguna 638 Law Enforcement Services 638 Contract or that they were employed by the Pueblo to perform any such functions at the time of events alleged in the Complaint.  Defendant denies all remaining allegations contained in paragraph 43 of the Complaint.

44.     Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint, and therefore denies the same.

45.     Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint, and therefore denies the same.

46.     In response to the allegations contained in paragraph 46 of the Complaint, Defendant admits that the Laguna Detention Facility is run pursuant to a 638 Contract. Defendant asserts that the 638 Contract speaks for itself.  Defendant denies all remaining allegations contained in paragraph 46 of the Complaint.

47.     Defendant denies the allegations contained in paragraph 47 of the Complaint.

48.     In response to the allegations contained in paragraph 48 of the Complaint, Defendant admits that BIA-OJS issues Special Law Enforcement Commissions to Tribal, Federal, State, and local law enforcement officers in conformance with 25 U.S.C. § 2804. Defendant denies any allegations in paragraph 48 of the Complaint to the extent that they assert or imply that Laguna Detention employees Hunt, Chavez, or John Does 1-20 had received a Special Law Enforcement Commission or that they were eligible for a Special Law Enforcement Commission.  Defendant denies all remaining allegations contained in paragraph 48 of the Complaint.

49.     Defendant asserts that the Special Law Enforcement Commission speaks for itself.  Defendant denies any allegations in paragraph 49 of the Complaint to the extent that they assert or imply that Laguna Detention employees Hunt, Chavez, or John Does 1-20 had received a Special Law Enforcement Commission or that they were eligible for a Special Law Enforcement Commission.  Defendant denies all remaining allegations contained in paragraph 49 of the Complaint.

50.     Defendant asserts that the Special Law Enforcement Commission speaks for itself.  Defendant denies any allegations in paragraph 50 of the Complaint to the extent that they assert or imply that Laguna Detention employees Hunt, Chavez, or John Does 1-20 had received a Special Law Enforcement Commission or that they were eligible for a Special Law Enforcement Commission.  Defendant denies all remaining allegations contained in paragraph 50 of the Complaint.

51.     Defendant asserts that the Special Law Enforcement Commission speaks for itself.  Defendant denies any allegations in paragraph 51 of the Complaint to the extent that they assert or imply that Laguna Detention employees Hunt, Chavez, or John Does 1-20 had received a Special Law Enforcement Commission or that they were eligible for a Special Law Enforcement Commission.  Defendant denies all remaining allegations contained in paragraph 51 of the Complaint.

52.      Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint, and therefore denies the same.

53.     Defendant denies the allegations contained in paragraph 53 of the Complaint.

54.     Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint, and therefore denies the same.

55.     Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint, and therefore denies the same.

56.     Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint, and therefore denies the same.

57.     Defendant is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint, and therefore denies the same.

58.     Defendant denies any allegations in paragraph 58 of the Complaint to the extent that they assert or imply that Laguna Detention employee Chavez was an employee at the Laguna Detention Facility prior to July 2015.  Defendant is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 58 of the Complaint, and therefore denies the same.

59.     Defendant denies any allegations in paragraph 59 of the Complaint to the extent that they assert or imply that Laguna Detention employee Chavez was an employee at the Laguna Detention Facility prior to July 2015.  Defendant is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 59 of the Complaint, and therefore denies the same.

60.     Defendant denies any allegations in paragraph 60 of the Complaint to the extent that they assert or imply that Laguna Detention employee Chavez was an employee at the Laguna Detention Facility prior to July 2015.  Defendant further asserts that the allegations contained in paragraph 60 of the Complaint contain statements of either law or jurisdiction to which no response is deemed necessary.  To the extent a response is deemed necessary, Defendant denies the allegations contained within paragraph 60 of the Complaint.

61.     Defendant asserts that as of January 9, 2015, the 3rd Edition Handbook

10

superseded the 2nd Edition.  Defendant further asserts that the 3rd Edition Handbook speaks for itself.  Defendant denies all remaining allegations contained in paragraph 61 of the Complaint.

62.     Defendant asserts that as of January 9, 2015, the 3rd Edition Handbook superseded the 2nd Edition.  Defendant further asserts that the 3rd Edition Handbook speaks for itself. Defendant denies all remaining allegations contained in paragraph 62 of the Complaint.

63.     Defendant denies any allegations in paragraph 63 of the Complaint to the extent that they assert or imply that Laguna Detention employee Chavez was an employee at the Laguna Detention Facility prior to July 2015.  Defendant denies the implication that Paul Chavez or any other tribal detention officer was an employee of the Bureau of Indian Affairs.  Defendant is without sufficient information to form a belief as to the truth of the remaining allegations contained within paragraph 63 of the Complaint and therefore denies the same.

64.     Defendant denies any allegations in paragraph 64 of the Complaint to the extent that they assert or imply that Laguna Detention employee Chavez was an employee at the Laguna Detention Facility prior to July 2015.  Defendant is without sufficient information to form a belief as to the truth of the allegations contained within paragraph 64 of the Complaint and therefore denies the same.

65.     Defendant admits that Laguna Detention employee Hunt, in his Plea Agreement in Cr. No. 1:16-cr-00315-MCA, admitted to acts as described in the Plea Agreement.  Defendant asserts that the Plea Agreement speaks for itself.  Defendant denies all remaining allegations contained in paragraph 65 of the Complaint.

66.     Defendant admits that Laguna Detention employee Hunt, in his Plea Agreement in Cr. No. 1:16-cr-00315-MCA, admitted to acts as described in the Plea Agreement.  Defendant asserts that the Plea Agreement speaks for itself.  Defendant denies all remaining allegations

contained in paragraph 66 of the Complaint.

67.     Defendant admits the allegations contained in paragraph 67 of the Complaint.

68.     The allegations contained in paragraph 68, including footnote 4 of the Complaint, contain statements of either law or jurisdiction to which no response is deemed necessary.  To the extent a response is deemed necessary, Defendant admits that Defendant Hunt pled guilty to count 1, a violation of 18 U.S.C. 2243(b) and count 2, a violation of 18 U.S.C. 242.  The Defendant further asserts that the Plea Agreement speaks for itself.  Defendant denies all remaining allegations contained in paragraph 68 of the Complaint.

69.     The allegations contained in paragraph 69 of the Complaint contain statements of either law or jurisdiction to which no response is deemed necessary.  To the extent a response is deemed necessary, Defendant admits that Laguna Detention employee Hunt, in his Plea Agreement in Cr. No. 1:16-cr-00315-MCA, admitted to acts as described in the Plea Agreement. The Defendant further asserts that the plea agreement speaks for itself.  Defendant denies all remaining allegations contained in paragraph 69 of the Complaint.

70.     Defendant admits that Laguna Detention employee Hunt, in his Plea Agreement in Cr. No. 1:16-cr-00315-MCA, admitted to acts as described in the Plea Agreement.  Defendant asserts that the Plea Agreement speaks for itself.  Defendant denies all remaining allegations contained in paragraph 70 of the Complaint.

71.     Defendant admits that Laguna Detention employee Hunt, in his Plea Agreement in Cr. No. 1:16-cr-00315-MCA, admitted to acts as described in the Plea Agreement.  Defendant asserts that the Plea Agreement speaks for itself.  Defendant denies all remaining allegations contained in paragraph 71 of the Complaint.

## CAUSES OF ACTION

### Count I: Violation of Substantive Due Process Under the Fifth Amendment against Defendant Warden Chavez

72.     Paragraph 72 is an incorporation of the preceding numbered paragraphs of the Complaint. As its answer to paragraph 72 of the Complaint, Defendant restates and incorporates by reference its answers as set forth in the preceding paragraphs.

73.     This claim is not brought against the United States, therefore no answer to paragraph 73 is required.

74.     This claim is not brought against the United States, therefore no answer to paragraph 74 is required.

75.     This claim is not brought against the United States, therefore no answer to paragraph 75 is required.

76.     This claim is not brought against the United States, therefore no answer to paragraph 76 is required.

77.     This claim is not brought against the United States, therefore no answer to paragraph 77 is required.

78.     This claim is not brought against the United States, therefore no answer to paragraph 78 is required.

79.     This claim is not brought against the United States, therefore no answer to paragraph 79 is required.

80.     This claim is not brought against the United States, therefore no answer to paragraph 80 is required.

81.     This claim is not brought against the United States, therefore no answer to paragraph 81 is required.

82.     This claim is not brought against the United States, therefore no answer to paragraph 82 is required.

83.     This claim is not brought against the United States, therefore no answer to paragraph 83 is required.

84.     This claim is not brought against the United States, therefore no answer to paragraph 84 is required.

85.     This claim is not brought against the United States, therefore no answer to paragraph 85 is required.

86.     This claim is not brought against the United States, therefore no answer to paragraph 86 is required.

87.     This claim is not brought against the United States, therefore no answer to paragraph 87 is required.

### Count II: Violations of Plaintiff's Substantive Due Process Under the Fifth Amendment Against Defendant John Does 1-20.

88.     Paragraph 88 is an incorporation of the preceding numbered paragraphs of the Complaint. As its answer to paragraph 88 of the Complaint, Defendant restates and incorporates by reference its answers as set forth in the preceding paragraphs.

89.     This claim is not brought against the United States, therefore no answer to paragraph 89 is required.

90.     This claim is not brought against the United States, therefore no answer to paragraph 90 is required.

91.     This claim is not brought against the United States, therefore no answer to paragraph 91 is required.

92.     This claim is not brought against the United States, therefore no answer to paragraph 92 is required.

93.     This claim is not brought against the United States, therefore no answer to paragraph 93 is required.

94.     This claim is not brought against the United States, therefore no answer to paragraph 94 is required.

95.     This claim is not brought against the United States, therefore no answer to paragraph 95 is required.

96.     This claim is not brought against the United States, therefore no answer to paragraph 96 is required.

97.     This claim is not brought against the United States, therefore no answer to paragraph 97 is required.

98.     This claim is not brought against the United States, therefore no answer to paragraph 98 is required.

99.     This claim is not brought against the United States, therefore no answer to paragraph 99 is required.

100.     This claim is not brought against the United States, therefore no answer to paragraph 100 is required.

101.     This claim is not brought against the United States, therefore no answer to paragraph 101 is required.

102.     This claim is not brought against the United States, therefore no answer to paragraph 102 is required.

103.     This claim is not brought against the United States, therefore no answer to paragraph 103 is required.

### Count III: Violation of Plaintiff's Substantive Due Process Fifth Amendment Rights against Defendant Hunt

104.     Paragraph 104 is an incorporation of the preceding numbered paragraphs of the Complaint. As its answer to paragraph 104 of the Complaint, Defendant restates and incorporates by reference its answers as set forth in the preceding paragraphs.

105.     This claim is not brought against the United States, therefore no answer to paragraph 105 is required.

106.     This claim is not brought against the United States, therefore no answer to paragraph 106 is required.

107.     This claim is not brought against the United States, therefore no answer to paragraph 107 is required.

108.     This claim is not brought against the United States, therefore no answer to paragraph 108 is required.

109.     This claim is not brought against the United States, therefore no answer to paragraph 109 is required.

110.     This claim is not brought against the United States, therefore no answer to paragraph 110 is required.

111.     This claim is not brought against the United States, therefore no answer to paragraph 111 is required.

112.     This claim is not brought against the United States, therefore no answer to paragraph 112 is required.

113.    This claim is not brought against the United States, therefore no answer to paragraph 113 is required.

114.    This claim is not brought against the United States, therefore no answer to paragraph 114 is required.

115.    This claim is not brought against the United States, therefore no answer to paragraph 115 is required.

116.    This claim is not brought against the United States, therefore no answer to paragraph 116 is required.

117.    This claim is not brought against the United States, therefore no answer to paragraph 117 is required.

### Count IV: Violation of Plaintiff's Eighth Amendment Rights against Defendant Warden Chavez

118.    Paragraph 118 is an incorporation of the preceding numbered paragraphs of the Complaint. As its answer to paragraph 118 of the Complaint, Defendant restates and incorporates by reference its answers as set forth in the preceding paragraphs.

119.    This claim is not brought against the United States, therefore no answer to paragraph 119 is required.

120.    This claim is not brought against the United States, therefore no answer to paragraph 120 is required.

121.    This claim is not brought against the United States, therefore no answer to paragraph 121 is required.

122.    This claim is not brought against the United States, therefore no answer to paragraph 122 is required.

123.     This claim is not brought against the United States, therefore no answer to paragraph 123 is required.

124.     This claim is not brought against the United States, therefore no answer to paragraph 124 is required.

125.     This claim is not brought against the United States, therefore no answer to paragraph 125 is required.

126.     This claim is not brought against the United States, therefore no answer to paragraph 126 is required.

127.     This claim is not brought against the United States, therefore no answer to paragraph 127 is required.

128.     This claim is not brought against the United States, therefore no answer to paragraph 128 is required.

129.     This claim is not brought against the United States, therefore no answer to paragraph 129 is required.

130.     This claim is not brought against the United States, therefore no answer to paragraph 130 is required.

131.     This claim is not brought against the United States, therefore no answer to paragraph 131 is required.

**Count V: Violation of Plaintiff's Eight Amendment Rights against Defendants John Does 1-20**

132.     Paragraph 132 is an incorporation of the preceding numbered paragraphs of the Complaint. As its answer to paragraph 132 of the Complaint, Defendant restates and incorporates by reference its answers as set forth in the preceding paragraphs.

133.     This claim is not brought against the United States, therefore no answer to

paragraph 133 is required.

134.    This claim is not brought against the United States, therefore no answer to paragraph 134 is required.

135.    This claim is not brought against the United States, therefore no answer to paragraph 135 is required.

136.    This claim is not brought against the United States, therefore no answer to paragraph 136 is required.

137.    This claim is not brought against the United States, therefore no answer to paragraph 137 is required.

138.    This claim is not brought against the United States, therefore no answer to paragraph 138 is required.

139.    This claim is not brought against the United States, therefore no answer to paragraph 139 is required.

140.    This claim is not brought against the United States, therefore no answer to paragraph 140 is required.

141.    This claim is not brought against the United States, therefore no answer to paragraph 141 is required.

142.    This claim is not brought against the United States, therefore no answer to paragraph 142 is required.

143.    This claim is not brought against the United States, therefore no answer to paragraph 143 is required.

144.    This claim is not brought against the United States, therefore no answer to paragraph 144 is required.

145.     This claim is not brought against the United States, therefore no answer to paragraph 145 is required.

**Count VI: Violation of Plaintiff's Eight Amendment Rights against Defendant Hunt**

146.     Paragraph 146 is an incorporation of the preceding numbered paragraphs of the Complaint. As its answer to paragraph 146 of the Complaint, Defendant restates and incorporates by reference its answers as set forth in the preceding paragraphs.

147.     This claim is not brought against the United States, therefore no answer to paragraph 147 is required.

148.     This claim is not brought against the United States, therefore no answer to paragraph 148 is required.

149.     This claim is not brought against the United States, therefore no answer to paragraph 149 is required.

150.     This claim is not brought against the United States, therefore no answer to paragraph 150 is required.

151.     This claim is not brought against the United States, therefore no answer to paragraph 151 is required.

152.     This claim is not brought against the United States, therefore no answer to paragraph 152 is required.

153.     This claim is not brought against the United States, therefore no answer to paragraph 153 is required.

154.     This claim is not brought against the United States, therefore no answer to paragraph 154 is required.

155.     This claim is not brought against the United States, therefore no answer to

paragraph 155 is required.

### Count VIII[1]: Violation of Plaintiff's Eight Amendment Right against Defendant Hunt for Excessive Force

156.     Paragraph 156 is an incorporation of the preceding numbered paragraphs of the

Complaint. As its answer to paragraph 156 of the Complaint, Defendant restates and incorporates

by reference its answers as set forth in the preceding paragraphs.

157.     This claim is not brought against the United States, therefore no answer to

paragraph 157 is required.

158.     This claim is not brought against the United States, therefore no answer to

paragraph 158 is required.

159.     This claim is not brought against the United States, therefore no answer to

paragraph 159 is required.

160.     This claim is not brought against the United States, therefore no answer to

paragraph 160 is required.

161.     This claim is not brought against the United States, therefore no answer to

paragraph 161 is required.

162.     This claim is not brought against the United States, therefore no answer to

paragraph 162 is required.

163.     This claim is not brought against the United States, therefore no answer to

paragraph 163 is required.

164.     This claim is not brought against the United States, therefore no answer to

paragraph 164 is required.

---

[1] Plaintiffs skipped from Count VI to Count VIII.

165.     This claim is not brought against the United States, therefore no answer to paragraph 165 is required.

166.     This claim is not brought against the United States, therefore no answer to paragraph 166 is required.

167.     This claim is not brought against the United States, therefore no answer to paragraph 167 is required.

168.     This claim is not brought against the United States, therefore no answer to paragraph 168 is required.

169.     This claim is not brought against the United States, therefore no answer to paragraph 169 is required.

170.     This claim is not brought against the United States, therefore no answer to paragraph 170 is required.

171.     This claim is not brought against the United States, therefore no answer to paragraph 171 is required.

**Count IX: Negligent Denial of Medical Care by BIA Correctional Officers Against the United States**

172.     Paragraph 172 is an incorporation of the preceding numbered paragraphs of the Complaint. As its answer to paragraph 172 of the Complaint, Defendant restates and incorporates by reference its answers as set forth in the preceding paragraphs.

173.     The allegations contained in paragraph 173 of the Complaint contain statements of either law or jurisdiction to which no response is deemed necessary.  Further, paragraph 173 does not contain a complete sentence.  To the extent a response is deemed necessary, Defendant asserts that it is without sufficient information to form a belief as to the truth of the allegations contained within paragraph 173 of the Complaint and therefore denies the same.

174.     Defendant denies any allegations in paragraph 174 of the Complaint to the extent that they assert or imply that Laguna Detention employee Chavez was an employee at the Laguna Detention Facility prior to July 2015.  The remaining allegations contained in paragraph 174, including subparagraphs (a)-(c) of the Complaint, contain statements of either law or jurisdiction to which no response is deemed necessary.  To the extent a response is deemed necessary, Defendant asserts that it is without sufficient information to form a belief as to the truth of the allegations contained within paragraph 174 of the Complaint and therefore denies the same.

175.     The allegations contained in paragraph 175 of the Complaint contain statements of either law or jurisdiction to which no response is deemed necessary.  To the extent a response is deemed necessary, Defendant denies the allegations.

176.     Defendant denies the allegations contained in paragraph 176 of the Complaint.

**Count X: Negligent Hiring, Training, and Supervision against the United States**

177.     Paragraph 177 is an incorporation of the preceding numbered paragraphs of the Complaint. As its answer to paragraph 177 of the Complaint, Defendant restates and incorporates by reference its answers as set forth in the preceding paragraphs.

178.     Defendant denies any allegations in paragraph 178 of the Complaint to the extent that they assert or imply that Laguna Detention employee Chavez was an employee at the Laguna Detention Facility prior to July 2015.  Defendant is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 178 of the Complaint, and therefore denies the same.

179.     Defendant denies the allegations contained in paragraph 179 of the Complaint.

180.     Defendant denies the allegations contained in paragraph 180 of the Complaint.

181.     Defendant denies the allegations contained in paragraph 181 of the Complaint.

182.     Defendant denies any allegations in paragraph 182 of the Complaint to the extent that they assert or imply that Laguna Detention employee Chavez was an employee at the Laguna Detention Facility prior to July 2015.  The allegations contained in paragraph 182 of the Complaint contain statements of either law or jurisdiction to which no response is deemed necessary.  To the extent a response is deemed necessary, Defendant asserts that it is without sufficient information to form a belief as to the truth of the allegations contained within paragraph 182 of the Complaint and therefore denies the same.

183.     Defendant denies any allegations in paragraph 183 of the Complaint to the extent that they assert or imply that Laguna Detention employee Chavez was an employee at the Laguna Detention Facility prior to July 2015.  The allegations contained in paragraph 183 of the Complaint contain statements of either law or jurisdiction to which no response is deemed necessary.  To the extent a response is deemed necessary, Defendant asserts that it is without sufficient information to form a belief as to the truth of the allegations contained within paragraph 183 of the Complaint and therefore denies the same.

184.     The allegations contained in paragraph 184, including subparagraphs (a)-(e) of the Complaint, contain statements of either law or jurisdiction to which no response is deemed necessary.  To the extent a response is deemed necessary, Defendant asserts that it is without sufficient information to form a belief as to the truth of the allegations contained within paragraph 184 of the Complaint and therefore denies the same.

185.     Defendant asserts that the 638 Contract speaks for itself.  Defendant denies all remaining allegations contained in paragraph 185 of the Complaint.

186.     The allegations contained in paragraph 186 of the Complaint contain statements of either law or jurisdiction to which no response is deemed necessary.  To the extent a response is deemed necessary, Defendant asserts that the 638 Contract speaks for itself.  Defendant denies all remaining allegations contained in paragraph 186 of the Complaint.

187.     Defendant denies any allegations in paragraph 187 of the Complaint to the extent that they assert or imply that Laguna Detention employee Chavez was an employee at the Laguna Detention Facility prior to July 2015.  The allegations contained in paragraph 187 of the Complaint contain statements of either law or jurisdiction to which no response is deemed necessary.  To the extent a response is deemed necessary, Defendant asserts that it is without sufficient information to form a belief as to the truth of the allegations contained within paragraph 187 of the Complaint and therefore denies the same.

188.     Defendant denies any allegations in paragraph 188 of the Complaint to the extent that they assert or imply that Laguna Detention employee Chavez was an employee at the Laguna Detention Facility prior to July 2015.  The allegations contained in paragraph 188 of the Complaint contain statements of either law or jurisdiction to which no response is deemed necessary.  To the extent a response is deemed necessary, Defendant asserts that it is without sufficient information to form a belief as to the truth of the allegations contained within paragraph 188 of the Complaint and therefore denies the same.

189.     The allegations contained in paragraph 189 of the Complaint contain statements of either law or jurisdiction to which no response is deemed necessary.  To the extent a response is deemed necessary, Defendant denies the allegations contained in paragraph 189 of the Complaint.

190.     Defendant denies the allegations contained in paragraph 190 of the Complaint.

**Count XI: Assault and Battery by a BIA Detention Officer Against the United States**

191.    Paragraph 191 is an incorporation of the preceding numbered paragraphs of the Complaint.  As its answer to paragraph 191 of the Complaint, Defendant restates and incorporates by reference its answers as set forth in the preceding paragraphs

192.    Defendant admits that Laguna Detention employee Hunt was employed by the Laguna Detention Facility pursuant to a 638 Contract.  Defendant denies all remaining allegations contained in paragraph 192 of the Complaint.

193.    Defendant asserts that it is without sufficient information to form a belief as to the truth of the allegations contained within paragraph 193 of the Complaint and therefore denies the same.

194.    Defendant asserts that it is without sufficient information to form a belief as to the truth of the allegations contained within paragraph 194 of the Complaint and therefore denies the same.

195.    Defendant asserts that it is without sufficient information to form a belief as to the truth of the allegations contained within paragraph 195 of the Complaint and therefore denies the same.

196.    Defendant asserts that it is without sufficient information to form a belief as to the truth of the allegations contained within paragraph 196 of the Complaint and therefore denies the same.

197.    Defendant asserts that it is without sufficient information to form a belief as to the truth of the allegations contained within paragraph 197 of the Complaint and therefore denies the same.

198.    Defendant asserts that it is without sufficient information to form a belief as to the truth of the allegations contained within paragraph 198 of the Complaint and therefore denies the same.

199.    Defendant asserts that it is without sufficient information to form a belief as to the truth of the allegations contained within paragraph 199 of the Complaint and therefore denies the same.

200.    Defendant asserts that it is without sufficient information to form a belief as to the truth of the allegations contained within paragraph 200 of the Complaint and therefore denies the same.

201.    The allegations contained in paragraph 201 of the Complaint contain statements of either law or jurisdiction to which no response is deemed necessary.  To the extent a response is deemed necessary, Defendant denies the allegations contained in paragraph 201 of the Complaint.

202.    The allegations contained in paragraph 202 of the Complaint contain statements of either law or jurisdiction to which no response is deemed necessary.  To the extent a response is deemed necessary, Defendant denies the allegations contained in paragraph 202 of the Complaint.

203.    Defendant denies the allegations contained in paragraph 203 of the Complaint.

### V. JURY DEMAND

In response to Plaintiff's paragraph requesting a jury trial, the United States denies that Plaintiff is entitled to a jury trial for her claims against the United States.

## **ADDITIONAL AND/OR AFFIRMATIVE DEFENSES**

Defendant denies all allegations of the Complaint, including prayers for relief, not expressly admitted in the Answer.  The following defenses are applicable, where appropriate, to Plaintiff's claims for relief.

### I.

This Court lacks jurisdiction over the subject matter of the action.

### II.

The Complaint fails to state a claim upon which relief can be granted.

### III.

The claims do not allege a negligent or wrongful act by an employee of the Government.

### IV.

The alleged injuries were caused solely by the acts or omissions of other parties, persons, or entities, their servants agents, representatives, or employees, none of whom are agencies or employees of the United States for whom the United States has any liability pursuant to the Federal Tort Claims Act.

### V.

Defendant United States, through its employees and agents, acted with due care and diligence at all relevant times.

### VI.

No acts or omissions by the United States were the proximate cause of any injury to the Plaintiffs.

VII.

Plaintiffs are not entitled to a jury trial. Any action against the United States pursuant to 28 U.S.C. § 1346 shall be tried by the court without a jury.

VIII.

Plaintiff's injuries, damages, and losses, if any, were not proximately caused by the negligence or negligence per se of any employee of the United States acting within the scope and course of his or her employment.

IX.

Plaintiff's recovery is limited to the damages recoverable under the Federal Tort Claims Act.

X.

Plaintiff's recovery, if any, is limited to the amount sought by them administratively.  28 U.S.C. § 2675(b).

XI.

The Court only has jurisdiction over claims for which Plaintiff exhausted through her administrative submission.

XII.

Plaintiff's recovery, if any, may be diminished or barred by the comparative fault of Plaintiffs and/or the fault of other defendants or of non-parties.

XIII.

The United States avers that recovery, if any, should be reduced by any offsets and credits available by law or regulation, including, but not limited to, those available as a result of benefits paid to or on behalf Plaintiffs by the Indian Health Services or other federal agency.

XIV.

Pursuant to 28 U.S.C. § 2412(d)(1)(A), Plaintiffs cannot recover attorney's fees.

XV.

Pursuant to 28 U.S.C. § 2674, Plaintiffs are prohibited from recovering any amount of pre-judgment interest or punitive damages against Defendant.

The United States may have further and additional defenses which are not yet known but which may become known through future discovery.  The United States asserts herein each and every affirmative defense as may be ascertained through future discovery, including those required by Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant United States of America prays that Plaintiff's Complaint be dismissed with prejudice or, in the alternative, judgment be entered for the United States, that Plaintiffs be denied any and all relief, that the United States be awarded its costs incurred in defending this action, and that the United States be granted such other further relief as the Court deems appropriate.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*/s/ Cassandra Casaus Currie 8/16/2018*
MICHAEL HOSES
CASSANDRA CASAUS CURRIE
Assistant United States Attorneys
P.O. Box 607
Albuquerque, New Mexico 87103
(505)346-7274;  FAX: (505)346-7205
michael.hoses@usdoj.gov
Cassandra.currie@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2018, I filed the foregoing pleading electronically through the CM/ECF system which caused all parties or counsel of record to be served by electronic means as more fully reflected on the Notice of Electronic Filing.

*/s/ Cassandra Casaus Currie 8/16/2018*
CASSANDRA CASAUS CURRIE
Assistant United States Attorney